In re Evelyn J. MAUSSER, Debtor.

SOUTHERN DISCOUNT COMPANY, Plaintiff,

v.

Evelyn J. MAUSSER, Defendant.

Bankruptcy No. 80–00033–BKC–SMW.
Adv. No. 80–0069–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

June 26, 1980.

Elliot Miller, Miami, Fla., for plaintiff.

Jerry Kahn, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon plaintiff's Complaint to Determine that its Debt was Non-Dischargeable under Section 523(a)(2) of the Bankruptcy Code. The Court, having heard the testimony of the witnesses and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised of the premises, does hereby make the following findings of fact and conclusions of law:

On November 8, 1978, the debtor/defendant, Mrs. Evelyn Mausser, then indebted to the plaintiff, Southern Discount Company, approached Southern Discount Company for the purpose of refinancing her existing loan so that an additional cash advance could be received by the defendant. In connection with such refinancing, the defendant executed and delivered to the plaintiff a financial statement purporting to list all of her debts. The statement failed to list all of the financial obligations owed by the defendant.

The defendant, in explanation of her failure to include these liabilities, testified that some of these accounts had been opened on behalf of her daughter and that the remainder had been unintentionally overlooked. The defendant's further testimony revealed that the defendant had opened some of these accounts in the defendant's name, but that her daughter was responsible for making the payments on account. This testimony was corroborated by the defendant's daughter as well as the cancelled checks in evidence. The defendant further testified that because her daughter was making these payments on account, that she did not believe it necessary to list these debts as being owed by the defendant.

The Court finds that in regards to Section 523(a)(2)(B)(i), (ii) and (iii), the written statement submitted to the plaintiff was materially false, that such statement was made in reference to her financial condition, and that the plaintiff relied thereon. However, in regards to Section 523(a)(2)(B)(iv), the Court finds that the defendant did not submit the materially false written statement with the intent to deceive. The Court is convinced that the defendant honestly believed that the omitted debts incurred on behalf of her daughter were not the defendant's liability and that the remainder of the debts were merely inadvertently omitted. The Court believes that the defendant made a good faith attempt to comply with the plaintiff's requested financial information.

The Court having found that all the elements under Section 523(a)(2) have not been established, it holds that defendant's debt to plaintiff is entitled to be discharged by the bankruptcy proceedings.

All other counts of the Complaint are hereby dismissed for plaintiff's failure to present a prima facie case, no material evidence having been submitted in support thereof.

A judgment will be entered in accordance with these findings and conclusions.