In re Walter L. KIMBERLY, Debtor.

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC., Plaintiffs,

v.

Walter L. KIMBERLY, Defendant.

Bankruptcy No. 81–00238–BKC–TCB.
Adv. No. 81–280–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

July 28, 1981.

Angus Campbell, West Palm Beach, Fla., for debtor.

Daniel Bakst, West Palm Beach, Fla., Trustee.

Mark T. Luttier, Palm Beach, Fla., for Merrill Lynch, et al.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

This complaint seeks a determination that plaintiff's claim of $28,319.66 is nondischargeable under 11 U.S.C. § 523(a)(2)(B). The debtor answered and the matter was tried on July 21.

The plaintiff-brokers extended credit to the debtor in December, 1979 in the form of a margin account which let the debtor trade in stock options. Before the account was opened, the debtor was required to complete a standard application labeled "Option Information". This application elicits the prospective customer's earnings and net worth. The form dated November 14, 1979, is signed by the debtor. Within four months of activity, the account reflected the debt which plaintiff now seeks to hold nondischargeable.

Section 523(a)(2)(B) excepts from discharge any debt:

"(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—...

(b) Use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, or services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;"

I find that the debtor's statement contained materially false statements. The debtor listed "total income" of $15,000 when in fact the debtor's income did not exceed $10,000 in 1978 nor $2,000 in 1979. Under liquid assets, the debtor listed "other assets" of $58,000 and an "approximate net worth" of $88,000. His actual assets were but a fraction of that amount.

When questioned as to each of these figures, the debtor responded, "I don't know where I got it." These representations were materially false and made with such reckless disregard of the truth that the requisite intent to deceive may be imputed. *Collier on Bankruptcy* (15th ed.) ¶ 523.09[5]. Under the circumstances of this transaction, it would have been reasonable for plaintiff to rely on these misrepresentations.

The only remaining issue is whether plaintiff in fact relied on these false statements when it approved the margin account. The account executive who serviced the account testified that regular procedures were followed in soliciting the required information from the applicant and forwarding the completed Margin Option Information Statement to the manager for his review and approval. The manager who actually approved the opening of this account has retired and did not appear. His successor testified that it is the company's customary practice to rely almost exclusively on the represented net worth in approving or disapproving an application for a margin account and in administering the account.

Evidence of the routine practice of a corporation is relevant to prove that the practice was followed on a particular occasion. Fed.R.Evid. 406. Wright & Graham, *Federal Practice and Procedure* § 5274.

I find that plaintiff reasonably relied on the debtor's statement in this instance and this debt is, therefore, nondischargeable under § 523(a)(2)(B).

The amount of principal, $28,319.66, is undisputed. There is no basis for the recovery of interest and interest is, accordingly, denied.

As is required by B.R. 921(a), a separate judgment will be entered in accordance with the foregoing findings and conclusion.