In re Leonard **LOWINGER** and Hilda Lowinger, Debtors.

**THE BANK OF MIAMI**, Plaintiff,

v.

**Leonard LOWINGER and Hilda Lowinger, Defendants.**

**Bankruptcy No. 81–01679–BKC–SMW. Adv. No. 82–0049–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

April 27, 1982.

Howard J. Berlin, Miami, Fla., for debtors.

Richard Bernstein, Miami, Fla., for The Bank of Miami.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on to be heard upon a Complaint and an Answer filed herein by the Plaintiff and Defendants respectively. The Court having heard the testimony of the witnesses for the Plaintiff and Defendants, examined the evidence presented, observed the candor and demeanor of the

witnesses, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby render the following Findings of Fact and Conclusions of Law:

The Debtors/Defendants, Leonard Lowinger and Hilda Lowinger (hereinafter "Lowingers"), filed a Joint Petition under Chapter 7 of the United States Bankruptcy Code and an Order for Relief was entered on October 16, 1981. Mr. Lowinger has, for the past few years, been in the optical products business. Up until 1980, he was the President and 100% shareholder of two related corporations, Lowinger Industries Corporation and Seewell Industries Corporation (hereinafter collectively referred to as "corporations"), which were in the business of manufacturing and selling prescription eyeglasses. During this period of time, although Mrs. Lowinger was designated as an officer, she was, for the most part, uninvolved with the operation or financial affairs of the corporations. The financing for these corporations was primarily accomplished through a line of credit extended by The Bank of Miami, the Plaintiff herein (hereinafter "Bank"). As collateral for its line of credit, the Bank retained a security interest in all inventory, machinery, equipment and the accounts receivable of both corporations.

In January, 1980, the Bank conducted an audit of the books and records of both corporations and determined that based upon its internal method of computing the necessary amounts of receivables and inventory required to be retained as collateral, it was undersecured in its line of credit and instituted a proceeding to foreclose its security interest. Both corporations thereafter filed Bankruptcy proceedings in the United States Bankruptcy Court, for the Southern District of Florida. During the Bankruptcy administration of both corporations, the Bank's collateral was liquidated and a deficiency was determined, which was later reduced to judgment against the Lowingers, as guarantors of the corporate obligations, in the amount of $90,130.15, plus costs and fees. On January 19, 1982, the Bank instituted the above styled adversary proceeding in this matter to prevent the Lowingers' discharge of said judgment under 11 U.S.C., § 523(a)(2)(A) or (B).

At the trial, the Bank attempted to prove that it had detrimentally relied upon false or fraudulent representations as to both corporations' financial conditions when it made the decision to extend said corporations a line of credit. In support of that proposition, the Bank introduced financial reports prepared by the corporations' bookkeeper, reflecting the status of said corporations' inventory and receivables for March and October of 1979. Further testimony by the Bank's accountant indicated that when the Bank undertook its audit of the corporate books and records in January of 1980, the accounts receivable reflected in the financial report of October, 1979, was inaccurate, as best as the Bank could determine in January of 1980. Representatives of the Bank stated that these financial reports were required under the terms and conditions of the line of credit and were relied upon by the Bank when it made its determination to extend and increase its line of credit to the corporations. The Bank, therefore, takes the position that the inaccuracies contained in the corporations' financial reports constitute false or fraudulent representations directed to the Bank for the purpose of encouraging it to maintain a line of credit to the corporations; which the Bank in fact relied upon in reaching its decision to extent credit, to its detriment, and therefore as officers of both corporations, the Lowingers are directly responsible and should be held accountable to the Bank.

The Bank's opposition to the Debtors' discharge with respect to its particular judgment is founded upon 11 U.S.C., § 523(a)(2)(A), (B), which reads as follows:

"A discharge under § 727 . . . of this title does not discharge an individual debtor from any debt/for obtaining money, property, services, or an extension, renewal, or refinance of credit, by (A) false pretenses, a false representation, or actual fraud, other than a statement respect-

ing the debtor's or an insider's financial condition; or (B) use of a statement in writing—(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."

In its analysis of the Bank's request for an exception to discharge, this Court takes notice of the wealth of decisions which have held that exceptions to discharge shall be strictly and narrowly construed. *Household Financial Corporation v. Danns*, 558 F.2d 114 (2d Cir. 1977); *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915). *First and Merchants National Bank of Radford v. Jones*, 3 B.R. 410, 412 (Bkrtcy.Va.). *Sweet v. Ritter Finance Company*, 263 F.Supp. 540 (D.C.Va. 1967). An objector to discharge must sustain his burden of proof with clear and convincing evidence. *First and Merchants National Bank of Radford v. Jones, supra*, at 412.

This Court has previously examined the issue of an exception to discharge under § 523(a)(2) in the case of *Southern Discount Company v. Mausser*, 4 B.R. 728 (Bkrtcy.S. D.Fl.1980). In the *Southern Discount Company* case, this Court was confronted with an exception to discharge sought under § 523(a)(2)(B) and held that even though "the written statement submitted to the plaintiff (creditor) was materially false, that such statement was made in reference to (the debtor's) financial condition, and the plaintiff (creditor) relied thereon . . ., the Court finds that the defendant did not submit the materially false written statement with the intent to deceive." *Id.*, at 729.

In the instant case, although the Bank presented this Court with evidence of the financial condition of the corporations in the months preceding their cessation of operations which could be termed inaccurate, there has been insufficient evidence presented to this Court that said financial reports were presented to the Bank with the Lowingers' knowledge of their falsity or that the Lowingers intended to deceive the Bank. Knowledge and/or intent are requisite elements of an exception to discharge sought under § 523(a)(2)(A) or (B) and this Court is not persuaded with the Bank's argument that a written guaranty executed by the Lowingers guarantying the corporate obligations of Lowinger Industries Corporation and Seewell Industries Corporation constitutes the necessary intent and/or knowledge contemplated by the statute. In *First and Merchants National Bank of Radford v. Jones, supra*, the Court, ruling directly on the issue of the meaning of fraud under § 523(a)(2), stated, at Page 412, "the frauds included in the portion of clause (2) under discussion are those which in fact involve moral turpitude or intentional wrong; fraud implied in law, which may exist without imputation of bad faith or immorality, is insufficient." It is, therefore, the finding of this Court that the Lowingers did not submit, or have submitted on their behalf, the corporate financial reports with "knowledge" or the requisite "intent to deceive" the Bank as required under § 523(a)(2).

This Court concludes that, based upon its finding that the Lowingers did neither knowingly nor intentionally submit inaccurate corporate financial reports to the Bank for the purpose of deceiving the Bank into extending credit to the above referenced corporations, the Plaintiff has failed to meet its burden of proof under 11 *U.S.C.*, § 523(a)(2)(A) or (B) and therefore the Plaintiff is not entitled to an exception to the Debtors' discharge of their judgment/debt.