In re Elmer L. POSICK, Sr., Margaret M. Posick, his wife, Debtors.

FLAGSHIP NATIONAL BANK OF BROWARD COUNTY, Plaintiff,

v.

Elmer L. POSICK, Defendant.

Bankruptcy No. 82–01372–BKC–SMW. Adv. No. 82–0992–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Jan. 14, 1983.

Mark A. Seff, Miami Beach, Fla., for defendant.

Jack F. Weins, Hollywood, Fla., for plaintiff.

SIDNEY M. WEAVER, Bankruptcy Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Cause having come on to be heard upon a Complaint to Determine Dischargeability of a Debt filed herein, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

In order to obtain a consumer loan, Elmer L. Posick, Sr., the debtor and defendant herein, made written application to First National Bank of Hollywood (now called Flagship National Bank of Hollywood, hereinafter the bank). In connection with his application, the debtor submitted a written personal financial statement on a form provided by the bank. In the category of source of income, the debtor listed salary as "$40,000 est.". Similarly, on the application for consumer loan supplied by the bank, he listed "$40,000 est. year." in the category of salary/wages. At the time the debtor submitted the application and personal financial statement his only actual source of income was $212.00 per month which he received as a disability pension.

The debtor testified that he listed the amount of $40,000 as estimated annual income based upon his expectation that an excavation contract which he was negotiating, and to which he was a party, would be finalized and as a result he would receive the income indicated on the application and statement.

The debtor further testified that no one at the bank, where he had prior loan experience, reviewed the application documents in his presence or requested that he explain or substantiate any statements made therein.

Upon filing of a petition in bankruptcy, the debtor listed Flagship National Bank of Hollywood as a creditor and seeks to have his debt to the bank discharged.

The bank challenges the discharge of the debt on the basis of 11 U.S.C. Section 523(a)(2)(B) which excepts from discharge:

any debt—(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

■ Exceptions to discharge are to be strictly and narrowly construed in favor of the debtor. *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915), *In re: Lowinger*, 19 B.R. 853 (Bkrtcy.S.D.Fla. 1982), *First and Merchants National Bank of Radford v. Jones*, 3 B.R. 410 (Bkrtcy.W. D.Va.1980), *In re: Stewart*, 10 B.R. 214 (Bkrtcy.C.D.Cal.1981), *Matter of Trewyn*, 12 B.R. 543 (Bkrtcy.W.D.Wis.1981).

■ In challenging the dischargeability of a debt, the creditor bears the burden of proof, *In re: Robertos, Inc.*, 18 B.R. 551 (Bkrtcy.S.D.Fla.1982), *In re: Ashley*, 5 B.R. 262 (Bkrtcy.E.D.Tenn.1980), *Second National Bank of Tampa v. Fox*, 17 B.R. 300 (Bkrtcy.M.D.Fla.1982), *In re: Lowinger*, and Bankruptcy Rule 407. Further, the creditor must establish each element of its claim of nondischargeability by clear and convincing evidence. *In re: Lowinger, Second National Bank of Tampa v. Fox, In re: Ashley, First and Merchants National Bank of Radford v. Jones, Matter of Albritton*, 17 B.R. 555 (Bkrtcy.M.D.Fla.1982).

■ The Court finds in regard to Section 523(a)(2)(B)(i), (ii) and (iii), that the written documents submitted by the debtor with reference to his financial condition were materially false as statements of present income but finds that reliance on the $40,000 figure when qualified by the notation "est.", indicating that it was an estimate, was not reasonable reliance by the bank.

Section 523(a)(2)(B)(iv) requires that an intent to deceive be proven by clear and convincing evidence. (see citations above) The intent contemplated by Section 523(a)(2)(B) requires the knowing and intentional submission of materially false corporate financial reports for the specific purpose of deceiving or defrauding the party extending credit. *In re: Lowinger, First and Merchants National Bank v. Jones, Ellis National Bank of Bradenton v. Gunther* 12 B.R. 242 (Bkrtcy.M.D.Fla.1981).

The Bank has failed to sustain its burden of proof in establishing the debtor's intent to deceive. The fact that the debtor qualified his response to the inquiries with the use of the term "estimated" indicates his good faith attempt to comply with plaintiff's requests for financial information. In the case of *Southern Discount Company v. Mausser*, 4 B.R. 728 (Bkrtcy.S.D.Fla.1980) this Court reasoned that the debtor should not be penalized for such a good faith attempt to comply.

■ The policy manifest in the Bankruptcy Code which favors giving "an honest debtor a fresh start" dictates that in the absence of clear and convincing proof of an intent to deceive, the debt of the debtor should be discharged. *Farmers Home Administration v. Dino*, 17 B.R. 316 (Bkrtcy.M. D.Fla.1982) *First and Merchants National Bank of Radford v. Jones*.

The Court finds that the debt challenged is dischargable, since the element of intent to deceive was not proven.

The debtor's argument that the creditor bank must look to its security rather than the strength of its financial statement need not be addressed due to the findings of this Court with reference to the element of intent.

A final judgment will be entered in accordance with these findings of fact and conclusions of law.