**In the Matter of Howard LEVINE, Debtor.**

**BURGER KING CORPORATION, Plaintiff,**

v.

**Howard LEVINE, Defendant.**

**Bankruptcy No. 82–00409–BKC–SMW. Adv. No. 82–0512–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

April 1, 1983.

Howard J. Berlin, Guren, Merritt, Udell, Sogg & Cohen, Miami, Fla., for the debtor/defendant.

Andrew C. Hall, Hall & O'Brien, P.A., Miami, Fla., for Burger King Corp.

Richard J. Stone, Michael J. Getelman, P.A., Miami, Fla., for HGC, Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on to be heard upon an Amended Complaint for an exception from discharge filed herein and the Court having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses and having considered the arguments of counsel and being otherwise duly advised in the premises, does hereby make the following Finding of Fact and Conclusions of Law.

The debtor, Levine, filed a petition under Chapter 7 of the Bankruptcy Code listing the plaintiff, Burger King Corporation (Burger King) as an unsecured creditor stemming from monies owed to Burger King in connection with his association with a Burger King franchise.

During the late 1970's, Levine and a former patient of his, Jose Gomez,[1] agreed to undertake a joint venture in the fast food business and entered into negotiations with Burger King to obtain a Burger King franchise. Levine became interested in a franchise through Jose Gomez (Gomez) who had ten years of managerial experience with various Burger King franchises. Gomez had experience in managing Burger King restaurants but neither Gomez nor Levine had any experience in the financial aspects of a franchise operation.

When they met with Burger King representatives during their negotiations for the franchise, Levine and Gomez were given estimated financial figures and debt-to-equity ratios and thereafter executed a capitalization form incorporating all of the above which became a permanent part of their application for the franchise. Levine testified, and the Court so finds, that he relied upon Burger King's expertise when he executed the forms.

Burger King entered into a franchise agreement with Levine and Gomez under which they were licensed to operate a Burger King restaurant located in San Bernardino, California (the franchise). Simultaneously, G & T Trading Company (G & T) executed a sublease agreement with Levine and Gomez and contracted with Burger King to manage the subject property.

Subsequently, Levine and Gomez decided to operate the franchise as a corporate entity and with the full knowledge and written consent of Burger King, they assigned their interests in the franchise and sublease agreements to HGC, Inc., a California corporation, while retaining a controlling interest in that corporation and remaining personally liable for any indebtedness to Burger King.

The franchise was not a profitable operation and became delinquent on payments to Burger King for rent, royalties, materials and supplies. Accordingly, Burger King sued Levine, Gomez and HGC, Inc. in Dade County seeking money damages for sums due and owing pursuant to the franchise and sublease agreements, said suit now being stayed by bankruptcy proceedings. Levine and Gomez dissolved HGC, Inc. and continued to operate the franchise as a partnership, in which they retained a controlling interest.

Subsequently, Burger King notified Levine and Gomez that due to their alleged default under the franchise and sublease agreements the franchise agreement was terminated. The propriety of termination was disputed by Levine and Gomez and they continued to operate the franchise and remained in possession thereof. At all times Burger King continued to do business with the franchise and supplied it with Burger King products and materials with the Burger King logo.

Burger King contends that Levine's unsecured indebtedness to Burger King should

1. Levine is a Dentist licensed to practice in the State of Florida.

be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(2)(4) and (6).

An underlying policy of bankruptcy law is to provide debtors with a "fresh-start". Courts analyzing exceptions to discharge have generally held that any and all exceptions to discharge should be strictly and narrowly construed. *Danns v. Household Finance Corporation,* 558 F.2d 114 (2d Cir.1977); *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (S.Ct. 1915); *First and Merchants National Bank of Radford v. Jones,* 3 B.R. 410, 412 (Bkrtcy. W.D.Va.1980). See *Sweet v. Ritter Finance Company,* 263 F.Supp. 540 (D.Va.1967). An objector to discharge must sustain his burden of proof with clear and convincing evidence. *First and Merchants National Bank of Radford v. Jones,* at 412.

Burger King alleges that; 1) the debtor intentionally and fraudulently misrepresented financial information; 2) the debtor committed acts of misconduct with reference to his relationship with Burger King and 3) the debtor's actions were committed willfully and maliciously.

In order to obtain an exception from discharge pursuant to 11 U.S.C. Section 523(a)(2), the plaintiff must demonstrate that Levine acted with the intent to deceive. *In re: Douglas Magnusson,* 14 B.R. 662 (Bkrtcy.N.D.N.Y.1981), *Levander Vert Hippler d/b/a Van's Shoe Store, Bankrupt,* 278 F.Supp. 753 (W.D.La.1968). In the case of *Southern Discount Company v. Mausser,* 4 B.R. 728 at 729 (Bkrtcy.S.D.Fla.1980), this Court, confronted with an exception to discharge sought under Section 523(a)(2), held that even though "the written statement submitted to the plaintiff was materially false, that such statement was made in reference to (the debtor's) financial condition, and the plaintiff relied thereon . . . , the Court finds that the defendant did not submit the materially false written statement with the intent to deceive".

Burger King has not presented clear and convincing evidence that Levine sought to intentionally deceive Burger King in the procurement of the franchise contract. Burger King has also failed to establish that the capitalization form, which it main-

tains was the primary written statement relied upon in determining whether to grant the debtor a franchise, was reasonably relied upon or that it was materially false. Burger King's allegations of misrepresentation, misconduct and deceit are also unsupported by the record.

Based on the totality of circumstances, Burger King does not appear to have relied upon the financial information which the franchisee provided, and the record does not support its contentions that the financial information was either false or misleading, that the debtor's conduct constituted a fraud or defalcation, and that actions of the debtor resulted in "willful and malicious injury" to Burger King.

This Court concludes based upon its findings that Levine did not intentionally submit inaccurate or false financial reports to Burger King for the purpose of deceiving Burger King into extending credit to the franchise not did the debtor commit a fraud or cause a willful and malicious injury to Burger King. The plaintiff has failed to meet its burden of proof under 11 U.S.C. Section 523(a)(2), (4) or (6) and therefore the plaintiff is not entitled to have its debt excepted from the debtor's discharge.