In re Olga GILMAN, Debtor.

**BARNETT BANK OF SOUTH FLORIDA, N.A., Plaintiff,**

v.

**Olga GILMAN, Defendant.**

Bankruptcy No. 83–00357–BKC–SMW. Adv. No. 83–0528–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

July 29, 1983.

---

Raymond B. Ray, Fort Lauderdale, Fla., for defendant.

Joseph Easthope, Fort Lauderdale, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER having come before the Court for trial on June 29, 1983, in the above-styled adversary case, the Court having heard the testimony of the witnesses, having examined the evidence presented and being otherwise fully advised in the premises arrives at the following findings of fact and conclusions of law.

The above-styled adversary commenced upon the filing of a Complaint to determine dischargeability of a debt filed by BARNETT BANK OF SOUTH FLORIDA, N.A. (BARNETT) against the Debtor, OLGA GILMAN. In order to prevail Plaintiff bears the burden of establishing all essential elements necessary to exempt its debt from discharge under the United States Bankruptcy Code.

On March 27, 1981 the Debtor entered the bank premises for the purposes of procuring a loan from BARNETT and within one (1) hour was granted a loan in the amount of $93,000.00. The Debtor provided a financial statement to BARNETT detailing her assets and liabilities as of that date. During the one (1) hour period that the Debtor was on the bank premises she completed the financial statement which BARNETT claims it relied upon in the granting of the loan to the Debtor. The Court finds that if BARNETT did in fact rely upon the information contained in the financial statement provided by the Debtor in granting a loan in the amount of $93,000.00, such reliance can hardly be accepted by the Court as reasonable.

Furthermore, the testimony disclosed that at the time the Debtor applied to BARNETT for the subject loan BARNETT's loan officer had knowledge of the debtor's husband's financial statement showing a net worth in excess of $7,000,000.00 U.S. dollars. The Court finds that BARNETT did not rely upon the information provided by the Debtor during her visit to the bank premises, but rather upon the financial

worth of the husband and the future business to be derived therefrom.

■ The only testimony or evidence presented by the Plaintiff to support its allegations that false representations were made was the argument of counsel that the property listed on the financial statement as "solely owned" was in fact "jointly owned" by the Debtor and her husband. The Debtor's testimony disclosed that the Debtor did not understand the legal distinction between solely owned and jointly owned assets. Therefore any misrepresentation was inadvertent and not intentional as contemplated by 11 U.S.C. § 523(a)(2).

■ Plaintiff further alleged that since the subject property was not solely owned by the Debtor it was not available to satisfy the obligation of the loan thereby violating the language at the bottom of the financial statement. The Debtor testified that she did not understand the paragraph and requested clarification from the bank officer. The unrebutted testimony of the Debtor disclosed that in response to her request she was told "You only have to worry about that if you don't pay". The Court finds this to be totally inadequate as an explanation of language which affects the rights of the parties entering into a legal relationship.

Plaintiff did not present sufficient evidence or testimony relevant to the Debtor's intent to deceive.

■ It is well settled that a creditor seeking to except its claim from a Chapter 7 discharge through Section 523(a)(2)(B) must prove each of the elements specified therein. See, *Bank of Putnam County v. West*, 21 B.R. 872 at 875–75 (Bkrtcy.M.D.Tenn. 1982) and *Southern Discount Company v. Mausser*, 4 B.R. 728 (Bkrtcy.S.D.Fla.1980). The essential elements of a dischargeable debt are that:

(1) The Debtor made materially false representations in writing respecting the Debtor's financial condition;

(2) The Debtor knew the representations were false at the time that they were made;

(3) The Debtor made the representations with the intention and purpose of deceiving the creditor;

(4) The Creditor reasonably relied upon the Debtor's materially false representations; and

(5) The Creditor sustained loss and damages as the proximate result of the misrepresentations.

In reviewing each and every element to be proved "... it has long been the law that this exception to the general discharge of debts is strictly construed in favor of the bankrupt". *Bank of Putnam County v. West*, 21 B.R. 872, 875 (Bkrtcy.M.D.Tenn. 1982). In *Bank of Miami v. Lowinger*, 19 B.R. 853 (Bkrtcy.S.D.Fla.1982), this Court remarked that the "frauds included in [§ 523(a)(2)] are those which in fact involve moral turpitude or intentional wrong; fraud implied in law, which may exist without imputation of bad faith or immorality, is insufficient." *Lowinger* at 855.

■ BARNETT has failed to establish by clear and convincing evidence that its disbursement of loan proceeds of this magnitude to the Debtor within one (1) hour after entering the bank premises for the purpose of procuring said loan was made with reliance upon those representations and that such reliance was reasonable. In *National Bank of North America v. Newmark*, 20 B.R. 842 at 861 (Bkrtcy.E.D.N.Y.1982), the Court utilized a yardstick approach to the issue of reasonableness stating that:

An objective standard by which to measure "reasonableness" requires that representations must be found to be of such a character that a reasonably prudent person would rely on them. Such a standard fosters a responsible and careful use of solicited financial statements and discourages the "spurious use" of such statements.

*Newmark* 20 B.R. at 862. The reasonableness of Plaintiff's reliance upon the financial statement dated March 27, 1981 becomes questionable when the statement so heavily relied upon by Plaintiff was provided almost contemporaneously with the issuance of the loan proceeds.

In applying the objective standard espoused in *Newmark* to the present case, it is clear that BARNETT failed to use the debtor's financial statement in a responsible and careful manner. By acting in such an unreasonable and reckless manner with regard to its own interests, BARNETT " . . . will be bound by these actions and be foreclosed from objecting to the debtor's dischargeability". *Newmark*, 20 B.R. at 861. The above discussion similarly destroys Plaintiff's intimation that the debtor's financial statement of March 27, 1981, proximately caused a loss by BARNETT. The Court finds that failure to protect its interest was the true cause of damage and the debtor in no way induced BARNETT through affirmative fraud or deception.

Based upon the foregoing, the Court finds that Plaintiff has failed to carry its burden of proof in order to exempt its debt from dischargeability in the debtor's Chapter 7 bankruptcy. Therefore a separate final judgment will be entered in conformity with these findings of fact and conclusions of law.