**In re Mario A. ESPINO and Maria Espino, Debtors,**

**The BANK OF MIAMI, Plaintiff,**

**v.**

**Mario A. ESPINO and Maria Espino, Defendants.**

**Bankruptcy No. 84–00853–BKC–SMW. Adv. No. 84–0519–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

April 15, 1985.

---

Richard Bernstein, Ronald G. Neiwirth, Miami, Fla., for The Bank of Miami.

John L. Britton, Fort Lauderdale, Fla., Brian K. Gart, Miami, Fla., for debtors.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

**THIS CAUSE** having come on to be heard upon a Complaint to determine dischargeability of a debt pursuant to 11 U.S.C. 523(a)(2)(B) and further to deny discharge pursuant to 11 U.S.C. § 727 et seq., and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premis-es, does hereby make the following Findings of Fact and Conclusions of Law:

During the past fifteen years the Debtors/Defendants (Debtors) were involved in various business enterprises which maintained financial relationships with the Plaintiff ("Bank"). The enterprises included Hemisphere Steel Corporation ("Hemisphere"), Five Brothers Construction Corp. ("Five Brothers") and various individual construction projects.

During the early 1970's, the Bank extended credit to these enterprises in a variety of transactions. Many of the loans were personally guaranteed by the Debtors and at least on four different occasions, to wit August 31, 1982, March 31, 1973, March 31, 1974 and March 20, 1975, the Debtors provided the Bank with personal financial statements. Although a substantial portion of the loans to the various entities were either paid in full or have remained current, a series of loans to Hemisphere (guaranteed by the Debtors) in a combined sum of $600,000 eventually fell into default.

The first portion of the $600,000 debt was advanced by the Bank to Hemisphere on October 15, 1974 in the form of a $240,000 loan secured by corporate assets. No financial statements were specifically requested from the Debtors by the Bank in connection with this transaction. The second portion of the debt was advanced by the Bank to Hemisphere on February 6, 1975, in the form of a separate loan in the amount of $300,000, guaranteed by the Small Business Association ("SBA") and again secured by corporate assets. In processing this loan, the Bank claims to have relied upon a personal financial statement of the Debtors dated October 21, 1974 which the Debtors provided to the SBA in connection with the second transaction. The final portion of the debt was advanced on January 22, 1976, at which time the Bank rolled over the original $240,000 loan and advanced an additional $60,000 to Hemisphere to create a new loan of $300,000 leaving a total debt of $600,000. No financial statement was specifically re-

quested from the Debtors by the Bank in connection with the final transaction. However, by January of 1976, the Debtors no longer had any connection with Hemisphere and unlike the previous two transactions, did not participate in the efforts to secure the loan.

After Hemisphere defaulted, the Bank sued the Debtors on their guarantee and in December, 1979, obtained a judgment (the "judgment") against both Debtors in the approximate amount of $400,000. The Bank now seeks a determination by this Court that the balance due it on the judgment should be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B) asserting that the information contained in the Debtor's various financial statements (including the statement given to the SBA) was false and that the Bank relied upon said false representations when it advanced funds to Hemisphere to the ultimate detriment of the Bank.

The Bank also requests this Court to deny each Debtor their discharge pursuant to 11 U.S.C. § 727, alleging that in connection with the Debtor's relationship with Five Brothers; (1) they failed to list in their bankruptcy schedules property and liabilities of Five Brothers, in contravention of 11 U.S.C. § 727(a)(4); (2) that the books and records of Five Brothers were improperly maintained, in contravention of 11 U.S.C. § 727(a)(3); and (3) they transferred and concealed the ownership and control of Five Brothers in contravention of 11 U.S.C. § 727(a)(2).

The Bank's challenge to the dischargeability of its judgment is based upon the provisions of 11 U.S.C. § 523(a)(2)(B) which states:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—...

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—...

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

When seeking an exception to discharge pursuant to 11 U.S.C. § 523(a)(2)(B), the Plaintiff must establish each element with clear and convincing evidence. *In re Gilman*, 31 B.R. 927, 929 (Bankr.S.D.Fla. 1983). Additionally, exceptions to discharge must be strictly and narrowly construed. *See In re Posick*, 26 B.R. 499, 501 (Bankr.S.D.Fla.1983); *Bank of Putnam County v. West*, 21 B.R. 872, 875 (Bankr.M. D.Tenn.1982); and *In re Lowinger*, 19 B.R. 853, 855 (Bankr.S.D.Fla.1982).

The Court finds that the Bank failed to meet its burden of proof under 11 U.S.C. § 523(a)(2)(B) by clear and convincing evidence that it either reasonably relied upon the Debtor's financial statements when it advanced funds to Hemisphere or that the Debtors provided said financial statements to the Bank with "the intent to deceive". The Debtors did not dispute that many of the representations contained in the various financial statements were incorrect. However, the Bank failed to establish that any of the Debtors financial statements were given to the Bank by the Debtors specifically in connection with the Hemisphere loan transactions. The Bank also failed to establish that it reviewed and reasonably relied upon said financial statements when it considered advancing funds to Hemisphere. *Matter of Nacol*, 30 B.R. 193, 194 (Bankr.M.D.Fla.1983); *Matter of Holwerda*, 29 B.R. 486, 489 (Bankr.M.D. Fla.1983); and *In re Posick*, supra, at 500.

The Bank's failure to establish that any of the Debtors' financial statements were given to the Bank in connection with the loans to Hemisphere eliminates any justification for the Bank's assertions that the financial statements were given with the intent to deceive the Bank in connection with said loans. The fact that the financial

statements may have been materially false and may have been given to the Bank in connection with other loan transactions is immaterial to the case at bar. The Court finds that any reliance on the part of the Bank on the various personal financial statements was unreasonable where the Bank ignored information available to it which clearly demonstrated the inaccuracy of the statements. *In re Houk*, 17 B.R. 192, 196 (Bankr.D.S.D.1982). Through its dealings with the Debtors' other business enterprises, the Bank had constructive, if not actual knowledge that the information in the financial statements was incorrect.

■ There is no evidence that the Debtor/Wife either signed or had knowledge of the contents of any of the financial statements. The Court further finds that the Debtor/Husband demonstrated an inability to distinguish ownership among corporate assets, assets held as trustee and personal assets. His confusion belies the Bank's assertion that corporate assets and assets held as trustee listed in the Debtors' personal financial statements were intentionally included for the purpose of deceiving the Bank. Even if the Bank had successfully carried its burden as to all other elements under 11 U.S.C. § 523(a)(2)(B), it failed to prove the Debtors' "intent to deceive" and therefore its request to except its judgment from the Debtor's discharge is denied. *Southern Discount Company v. Mausser*, 4 B.R. 728 (Bankr.S.D.Fla. 1980).

■ The Bank's request to deny the Debtors their discharge pursuant to 11 U.S.C. § 727(a)(2)(3) & (4) is also denied. The Bank alleged that property owned by Five Brothers and liabilities in connection with such corporation should have been scheduled by the Debtors and that their failure to do so constituted a knowing and fraudulent "false oath" sufficient to warrant denial of discharge under 11 U.S.C. § 727(a)(4). To sustain a charge under § 727(a)(4) it must appear by persuasive and convincing evidence that the Debtors made a false statement in connection with the case, which was material, and was knowingly made with the specific intent to defraud. *Matter of Galbraith*, 17 B.R. 302, 304 (Bankr.M.D.Fla.1982).

The Court finds that the Bank failed to meet its burden of proof on the "false oath" charge. The Five Brothers' property was never titled in the name of the Debtors. Although the Debtors did have a contingent liability as to the loans to Five Brothers by virtue of their personal guaranty, those loans were current. The Debtors failure to schedule the liabilities precludes the discharge of these obligations which further supports this Court's finding that there was not a knowing or fraudulent intent on the part of the Debtors not to schedule.

■ The Bank further asserted that Five Brothers failed to keep adequate books and records from which the Debtors' actual financial condition could be ascertained warranting the denial of discharge pursuant to § 727(a)(3). An individual's discharge cannot be denied under § 727(a)(3) where, as in the case at bar, the corporation whose books and records are being challenged is a bona fide separate entity from the Debtors. *In re Tocci*, 34 B.R. 66, 67 (Bankr.S.D.Fla. 1983). Accordingly, the relief sought by the Bank under § 727(a)(3) must be denied.

The Bank's final objection to the Debtors' discharge alleges that the Debtors transferred and concealed their alleged ownership and control of Five Brothers in contravention of § 727(a)(2)(A).

■ In order to sustain a claim under 11 U.S.C. § 727(a)(2)(A), a creditor must prove the following elements:

(1) That the act complained of was done at a time subsequent to one year before the date of the filing of the petition;

(2) With intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code;

(3) That the act was that of the Debtor or a duly authorized agent;

(4) That the act consisted of transferring, removing, destroying or concealing

any of the Debtors' property or permitting any of these acts to be done. *In re Hooper*, 39 B.R. 324, 326 (Bankr.N.D. Ohio 1984). If the proof as to any of these essential elements is insufficient, the objection to discharge cannot be sustained. *See In re Bateman*, 646 F.2d 1220 (8th Cir. 1981). While discharge has been denied where the Debtor began the concealment at a time prior to one year before the bankruptcy, the continuing concealment theory is only cognizable where the Debtor has retained substantial interest in and direct control over the concealed assets. *See e.g., In re Vecchione*, 407 F.Supp. 609 (E.D.N.Y. 1976); and *In re Smith*, 11 B.R. 20 (Bankr. N.D.Ohio 1981). The Debtor must retain control or reap a substantial equitable interest from the transfer. *In re Fragetti*, 24 B.R. 392, 396 (Bankr.S.D.N.Y.1982); and *Matter of Ries*, 22 B.R. 343, 345 (Bankr.W. D.Wisc.1982).

■ The Court finds that the Debtors never held an ownership interest in Five Brothers. At all times material hereto the corporation was owned by the Debtors' children and therefore there was no transfer of the Debtors' property within the meaning of § 727(a)(2)(A). The Debtors, as employees of Five Brothers, may have exercised some control or received nominal benefits from the corporation but in the context of this case, such control was immaterial and the alleged benefits were not concealed. A $55,000.00 loan to the Debtors from Five Brothers utilized by them to satisfy an S.B.A. mortgage foreclosure action was properly disclosed on the Debtors' schedules. Upon review of the evidence, the Court finds that at all times material hereto Five Brothers had its own substance and purpose. The Bank has failed to demonstrate a continuous concealment necessary to deny discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

By virtue of the findings of fact and conclusions of law contained herein, the relief sought by the Bank is denied. A separate final judgment shall be entered in conformity with these findings and conclusions.