**In re Arturo RAINERMAN, Debtor.**

**EAGLE NATIONAL BANK OF MIAMI, Plaintiff,**

**v.**

**Arturo RAINERMAN, Defendant.**

**Bankruptcy No. 87–01735–BKC–SMW.**

**Adv. No. 87–0448–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 21, 1987.

Bertram A. Sapurstein, Kantor & Sapurstein, P.A., Miami, Fla., for Eagle Bank.

Ronald G. Neiwirth, Miami, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard on November 3, 1987 upon an Adversary Complaint seeking to determine the nondischargeability of a debt pursuant to 11 U.S. C. Section 523(a)(2)(B), and the Court having heard the testimony and examined the evidence presented, having observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The debtor failed to disclose to Eagle National Bank of Miami (the Plaintiff) that he was indebted to Capital Bank in a sum in excess of $2,000,000.00 at the time the debtor submitted personal financial statements to the plaintiff in connection with the debtor's application for a loan with the plaintiff. The debtor's relationship with Capital Bank had deteriorated and the debtor was having problems with Capital Bank for a period of several months regarding repayment of this debt to Capital Bank. The debtor was in a "workout" arrangement with Capital Bank regarding this indebtedness.

The debtor is a sophisticated businessman controlling several corporations with a net worth, in the years 1985 and 1986, of between 4.5 million and 6 million dollars. The debtor had borrowed large sums of money from institutions and was familiar with the nature of guaranties, contingent liabilities, and personal indebtedness on corporate obligations. The debtor's excuse for neglecting to reflect the $2,000,000.00 indebtedness due and owing to Capital Bank on his financial statement was that the debtor did not consider the indebtedness to be significant or relevant to his application for credit with the plaintiff.

The debtor submitted a detailed financial statement to the plaintiff, including a lengthy statement prepared by certified public accountants. The debtor had established a banking relationship with the plaintiff by maintaining bank accounts in the middle five figure range, having certificates of deposits in excess of $200,000.00 with the plaintiff, and having satisfactorily repaid a fully collateralized loan with the plaintiff.

The plaintiff paid $50,000.00 to the beneficiary under a Letter of Credit drawn at the debtor's request. The plaintiff erroneously credited the debtor's account with $49,900.00 which sums the debtor proceeded to use for his benefit. The plaintiff was able to recover some $28,000.00 of these funds with the result that the debtor was indebted to the plaintiff for an additional $21,900.00.

When seeking an exception to discharge pursuant to 11 U.S.C. § 523(a)(2)(B), the plaintiff must establish that:

(1) The Debtor made materially false representations in writing respecting the Debtor's financial condition;

(2) The Debtor knew the representations were false at the time that they were made;

(3) The Debtor made the representations with the intention and purpose of deceiving the creditor;

(4) The Creditor reasonably relied upon the Debtor's materially false representations; and

(5) The Creditor sustained loss and damages as the proximate result of the misrepresentations. See *In re Gilman*, 31 B.R. 927, (S.D.Fla.1983)

The Court finds that the plaintiff has met its burden of proof by clear and convincing evidence as to each prerequisite stated above.

Given the debtor's sophistication, the significance of the amounts due and owing to Capital Bank, the problems the debtor was having with Capital Bank, the debtor's knowledge that the plaintiff would consult with Capital Bank concerning his credit worthiness if the indebtedness was disclosed, and the debtor's response that he did not consider this $2,000,000.00 debt to be significant, the Court finds that the debtor made the misrepresentation concerning the debt to Capital Bank with the intention and purpose of deceiving the Plaintiff. See *In re Kimberly*, 13 B.R. 145, (S.D.Fla.1981) The plaintiff's reliance on the financial statements presented in evidence was reasonable in light of the established relationship between the plaintiff and the debtor and the nature of the financial statement supplied by the debtor. See *National Bank of North America v. Newmark*, 20 B.R. 842 (E.D.N.Y.1982).

The Court finds that the plaintiff is entitled to a judgment determining the debt due the plaintiff to be nondischargeable in the amount of $50,000.00 which was the amount paid by the plaintiff under the Letter of Credit. This sum was advanced by virtue of the representations made by the debtor in the financial statements published to the plaintiff. The additional $21,-900.00 was not advanced to the plaintiff based upon the reliance of the financial statements and accordingly, the plaintiff is not entitled to an order determining the $21,900.00 to be nondischargeable.

A separate Final Judgment in conformity herewith has been entered this date.