**In the Matter of Danny Lee FOX, Debtor.**

**SECOND NATIONAL BANK OF TAMPA, Plaintiff,**

**v.**

**Danny Lee FOX, Defendant.**

**Bankruptcy No. 81–953.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Jan. 27, 1982.

Thomas B. Mimms, Tampa, Fla., for plaintiff.

Albert P. Lima, Tampa, Fla., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding and the matter under consideration is the nondischargeability, vel non, of a debt admittedly due and owing by Danny Lee Fox, the Debtor involved in the above-captioned Chapter 7 proceeding to the Second National Bank of Tampa (the Bank), the Plaintiff who instituted this adversary proceeding.

The claim of dischargeability is based on § 523(a)(2) of the Bankruptcy Code and based on the contention of the Bank that the Debtor obtained money from the Bank through false pretenses and false representations. The facts relevant to the resolution of this controversy as established at the final evidentiary hearing can be summarized as follows:

Danny Lee Fox was, at the time pertinent to this transaction, the principal stockholder together with his wife, Susan Fox, of the corporation known as Dale Mabry Chevron. The corporation was the owner and operator of a gasoline station located in Tampa, Florida and maintained a banking relationship with the Bank even prior to the incorporation of the Debtor's business, and two checking accounts were maintained under the name of Dale Mabry Standard.

Sometime in early March, the corporate account became overdrawn and an officer of the Bank contacted the Debtor and inquired about the possibility of taking care of the overdraft. The Debtor informed the officer of the Bank that the corporation was not in a position to take care of the overdraft in the near future. The officer of the Bank suggested that the overdraft might be taken care of through a loan to be made to the Debtor and his wife. According to the Bank, the Debtor indicated that since he anticipated receiving an inheritance from his father's estate, a 30-day loan would solve the problem. While this proposition is denied by the Debtor, it is clear that the Bank did prepare loan documents and granted the loan to the Debtor who together with his wife, executed a 30-day promissory note in the amount of $4,690.95. It is without dispute that the Debtor received the check; did not deposit the check in the corporate account or endorse the check over to the Bank, but instead negotiated the check with a different banking institution and upon advise of counsel, used the proceeds of the loan to satisfy an outstanding obligation owed by the corporation and indirectly by him to the Internal Revenue Service for unpaid payroll taxes.

There is no evidence in this record that the statement of the Debtor that he will receive an inheritance was false when made; that the Bank relied on that statement or that there was anything done by this Debtor which sustains the claim that whatever statement he made in connection with this loan transaction was made with the intent to defraud. Furthermore, it is evident that the entire loan transaction was the idea of the Bank; originated with the

Bank and was done for the sole purpose to assist the Bank to remove a bank account from the overdraft position and assist the Bank to take care of an overdraft account rather than compel the Bank to institute legal action in order to collect the balance due on the overdrawn account from a corporation with very little likelihood and prospect of success.

A claim of non-dischargeability is based on § 523 of the Bankruptcy Code which provides in pertinent part as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;"

The burden of proof is on the party asserting non-dischargeability, Bankruptcy Rule 407, and the claim cannot be sustained unless it is established by clear and convincing evidence. *In re Ashley*, 5 B.R. 262 (Bkrtcy.1980).

Considering this record, this Court is satisfied that the Plaintiff failed to establish with the requisite degree of proof all essential elements of a claim of non-dischargeability and, therefore, is not entitled to relief.

A separate final judgment will be entered in accordance with the foregoing.