**In re Joshua S. SPARROW, Bonnie M. Sparrow, Debtors.**

**Grace COHEN, Plaintiff,**
v.
**Joshua SPARROW, Defendant.**

**Bankruptcy No. 82–02104–BKC–SMW.**

**Adv. No. 83–0036–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

May 19, 1983.

that the Broward County Court judgment is nondischargeable pursuant to Bankruptcy Code § 523(a)(4) which excepts from discharge

> "any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

 In determining the dischargeability of a judgment debt, the Bankruptcy Court may look beyond the record and judgment rendered in another court. See *Brown v. Felson,* 442 US 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Based on the evidence and testimony the Court finds that the judgment in the New York Civil Court, which is the foundation of the Broward County judgment, was based on the debtor's mismanagement of funds belonging to the plaintiff but held by the debtor as a fiduciary in his attorney's escrow account. The judgment debt is a debt for defalcation while acting in a fiduciary relationship and accordingly is nondischargeable in bankruptcy proceedings.

A final judgment will be entered in accordance herewith.

---

Leonard Stafford, Fort Lauderdale, Fla., for plaintiff.

Joshua Sparrow, pro se.

SIDNEY M. WEAVER, Bankruptcy Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause coming on to be heard upon a Complaint to Determine the Dischargeability of a Judgment Debt filed herein, and the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The plaintiff, Grace Cohen challenges the dischargeability of a judgment in the amount of $5,758.70 rendered by the Broward County Court in an action to enforce a judgment entered by the Civil Court of the City of New York. The plaintiff claims