In re Donald S. TANNER, Debtor.

Frank MORALES and Nancy
Morales, Plaintiffs,

v.

Donald S. TANNER, Defendant.

Bankruptcy No. 82–01069–BKC–SMW.
Adv. No. 82–0857–BKC–SMW.

United States Bankruptcy Court,
S.D. Florida.

June 23, 1983.

Angelo Marino, Jr., Alan L. Levine, Fort Lauderdale, Fla., for plaintiffs.

Marc Kaufman, Miami, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause coming to be heard upon a Complaint Objecting to Discharge of Debtor and to Dischargeability of Certain Debts filed herein and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Frank and Nancy Morales, the plaintiffs herein, are judgment creditors of the debtor, Donald S. Tanner. The judgment, which is the subject matter of this adversary proceeding, was rendered in a medical malpractice action filed in the Broward County Circuit Court by the plaintiffs against the debtor who is a podiatrist. The basis of liability was alleged injury caused by surgery performed by the debtor on Mr. Morales' feet.

The judgment for damages is in the amount of $98,186.43 representing a total of $57,186.43 as compensatory damages and

$41,000.00 as punitive damages. The Circuit Court further awarded plaintiffs a Final Judgment on costs in the sum of $3,310.06. The judgment debt is listed in the debtor's statement of financial affairs in the total sum of $101,496.49.

Count I of the plaintiffs' complaint challenging the debtor's overall discharge pursuant to Bankruptcy Code Section 727 was dismissed by this Court's order dated November 22, 1982. After a pretrial conference, this cause proceeded to trial on the narrow issue of whether the malpractice judgment is nondischargeable pursuant to Bankruptcy Code Section 523(a)(6) as a debt for willful and malicious injury by the debtor to another entity. In making this determination the Court has exercised its perogative to look beyond the record and judgment rendered by the Circuit Court. See *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

■ The plaintiffs have the burden of proving the nondischargeability of a debt. *In re Robertos, Inc.,* 18 B.R. 551 (S.D.Fla. 1982), *In re Ashley,* 5 B.R. 262 (E.D.Tenn. 1980), *Second National Bank of Tampa v. Fox,* 17 B.R. 300 (M.D.Fla.1982), *In re Lowinger,* 19 B.R. 853 (S.D.Fla.1982). See also Bankruptcy Rule 407. Exceptions to dischargeability are to be narrowly and strictly construed in favor of the debtor. *Gleason v. Thaw,* 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915), *In re Lowinger, First and Merchants National Bank of Radford v. Jones,* 3 B.R. 410 (W.D.Va.1980), *In re Stewart,* 10 B.R. 214 (C.D.Cal.1981), *Matter of Trewyn,* 12 B.R. 543 (W.D.Wis.1981). In order for the plaintiffs to prevail in their challenge to the dischargeability of a debt, they must establish each element of their challenge by clear and convincing evidence. *In re Lowinger, Second National Bank of Tampa v. Fox, In re Ashley, First and Merchants National Bank of Radford v. Jones, Matter of Albritton,* 17 B.R. 555 (M.D.Fla. 1982).

■ The plaintiffs must prove that the debtor willfully and maliciously caused injury to them. The term "willful" as used in Bankruptcy Code Section 523(a)(6) has been interpreted to mean intentional or deliberate. See: Legislative History to Section 523(a)(6) as reported in House Report No. 95–595, 95 Cong., 1st Sess. 363 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787, *Matter of Chambers,* 23 B.R. 206 (E.D.Wis. 1982), *In re La Brant,* 23 B.R. 367 (N.D.Ill. 1982), *In re Oakes,* 24 B.R. 766 (N.D.Ohio 1982). Such willfulness requires an intentional act and accordingly a finding of negligence is not enough to render a debt nondischargeable. *Matter of Sadwin,* 15 B.R. 884 (D.Ct.M.D.Fla.1981), *In re Oakes, Matter of Morgan,* 22 B.R. 38 (D.Neb.1982). The case of *Matter of Brown,* 18 B.R. 591 (N.D.Ala.1982) that held specific malicious intent must be found to exist to establish nondischargeability.

Acts have been held to be "malicious" pursuant to Bankruptcy Code Section 523(a)(6) if they are wrongful and without just cause or excessive, *In re La Brant,* or wrongful acts done without just cause or excuse, *In re Askew,* 22 B.R. 641 (M.D.Ga. 1982), *Matter of Grace,* 22 B.R. 653 (E.D. Wis.1982). The case of *In re Donny,* 19 B.R. 354 (W.D.Wis.1982) held that an injury is willful and malicious if the debtor knew that an injury would be caused and proceeded in the face of this knowledge to carry out the actions which would cause injury. Personal hatred and ill will are not elements of malice pursuant to Bankruptcy Code Section 523(a)(6). *Matter of Chambers.*

In order for this Court to find the judgment debt to be nondischargeable, the plaintiff must prove by clear and convincing evidence that either the debtor performed surgery on the feet of the plaintiff, Mr. Morales, with the intent to deliberately injure Mr. Morales, that the surgery was intentionally performed without just cause or excuse or that the debtor knew he would injure Mr. Morales and performed the surgery in the face of that knowledge. See above cited cases.

■ Based upon all the evidence presented and resolving all conflicts in connection therewith, the Court finds that the plain-

tiffs have failed to sustain their burden of proof. They have failed to prove by clear and convincing evidence that the debtor had the specific willful and malicious intent to injure Mr. Morales during surgery. The Court is constrained to apply the law as it is presently written and enacted in accordance with Congressional intent. It is not the province of the Court to legislate. Accordingly the Court must find that the judgment is not a debt for willful and malicious injury as contemplated by Bankruptcy Code Section 523(a)(6) and as such is dischargeable.

A separate Final Judgment will be entered in accordance with these findings of fact and conclusions of law.