In re Marion Bryant **OWENS**
251–58–9045, Debtor.

**LANDVEST ASSOCIATES, a South Carolina Limited Partnership, and Landvest II, a South Carolina Limited Partnership, Plaintiffs,**

v.

**Marion Bryant OWENS, Jr., Defendant.**

Bankruptcy No. 83–00449.
Complaint No. 83–1059.

United States Bankruptcy Court,
D. South Carolina.

Sept. 11, 1984.

Alice Paylor Fishburne, Charleston, S.C., for plaintiffs.

Noel M. Seeburg, Jr., Beaufort, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This adversary proceeding was heard on cross motions for summary judgment filed by the plaintiffs, Landvest Associates and Landvest II, and the defendant, Marion Bryant Owens, pursuant to Bankruptcy Rule 7056. Rule 7056 provides that F.R. Civ.P. 56, applies in adversary proceedings. Rule 56 authorizes summary judgment when "... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ..." and "... where the moving party is entitled to a judgment as a matter of law, where it is quite clear what the truth is, ... [and where] no genuine issue remains for trial...." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944).

In support of their Motion for Summary Judgment, plaintiffs filed a certified copy of the transcript of the hearing before the Master in Equity for Charleston County on March 23, 1981, and the Order of the Honorable James B. Stephen, Presiding Judge, Ninth Judicial Circuit, State of South Carolina, dated July 1, 1982, which Order was the result of the hearing before the Master. The defendant filed no documents in opposition to plaintiffs' motion and, thus, failed to set forth specific facts showing that there is a genuine issue for trial, as required by Rule 56(e), which further provides that: "If he does not so respond, summary judgment, if appropriate, shall be entered against him."

## FINDINGS OF FACT

After due consideration of the pleadings and other papers on file herein and the arguments of counsel, I find the following facts:

1. The plaintiffs are limited partnerships, which were formed under partnership agreements between the defendant, as general partner in each, and others as limited partners. The plaintiff, Landvest Associates, which was formed on or before February 18, 1975, and the plaintiff, Landvest II, which was formed on or before February 27, 1976, were organized for the purpose of acquiring a tract of land in Charleston County, South Carolina, and holding it for investment purposes.

2. The Landvest Associates partnership agreement provided that the defendant would contribute a 41.34 acre tract of land to the partnership. Neither Landvest Associates nor any of the limited partners thereof consented to the transfer of said tract by the defendant to the partnership for a profit to the defendant. The Landvest II partnership agreement provided that the defendant, as general partner, would contribute a 38 acre tract of land to the partnership. Neither Landvest II nor any of the limited partners thereof consented to the transfer of said tract by the defendant to the partnership for a profit to the defendant.

3. The defendant conveyed the 41.34 acre tract to Landvest Associates for the consideration of $110,000 and the assumption of a mortgage securing a note with an original principal balance of $110,000. This

consideration was $78,432 in excess of the amount which defendant had paid for the property. The defendant conveyed the 38 acre tract of land to Landvest II for the consideration of $97,000 and the assumptions of two mortgages securing notes with original principal balances of $66,000 and $32,000. This consideration was $76,000 in excess of the amount which the defendant had paid for the property.

4. The defendant never related to either partnership, or to its partners, that he purchased the tracts of land for considerations that were substantially less than the considerations for which he transferred the properties to the plaintiffs. Rather, he informed them that he was putting the properties in "at his cost", and defendants relied on these representations in forming the partnerships.

5. The defendant received additional income from the two transactions over and above the "front end" profits. He was paid $5,500.00 as a "finder's fee" by Landvest Associates and $10,900 as a "syndication fee" by Landvest II, as well as an annual management fee of $1,100. Also, if he had remained as general partner, he stood to receive 8⅓% profit on the sale of the Landvest Associates tract and 15% profit on the sale of the Landvest II tract, plus real estate commissions.

6. The plaintiffs were granted judgments against the defendant in the amounts of $78,432 and $76,000 and were injured by defendant for his failure to account for such sums.

## DISCUSSION AND CONCLUSION

The plaintiffs' motion is grounded on the theory that defendant's debts to them are nondischargeable under 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(2)(A). The defendant's motion is based on the theory that these sections are not applicable to the debts.

■ The party challenging the dischargeability of a debt bears the burden of proof. *Sylvester v. Stone. (In re Stone)*, 11 B.R. 209, 211 (Bankr.D.S.C.1981); *Hennessy Cadillac, Inc. v. Green (In re*

*Green)*, 5 B.R. 247, 2 C.B.C.2d 905 (Bankr. N.D.Ga.1980).

### I.

11 U.S.C. § 523(a)(4) states:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

.    .    .    .    .

(4) for fraud or defalcation while acting in a fiduciary capacity, ...

Thus, in order to qualify for this exception to discharge, the plaintiffs must prove that: (1) the defendant was obligated to the plaintiffs in a fiduciary capacity; (2) the defendant committed fraud or defalcation while acting in his fiduciary capacity; and (3) the plaintiffs' debt resulted from such fraud or defalcation.

### A.

■ The term "fiduciary capacity" as it is used in 11 U.S.C. § 523(a)(4) applies only to technical trusts, express trusts, or statutorily imposed trusts, the term does not apply to fiduciary relationships which arise out of equitable or implied trusts or trusts implied by law as arising out of a contract. *Traveler's Express Co. v. Niven (In re Niven)*, 32 B.R. 354, 356 (Bankr.W.D.Okla. 1983); *Chrysler Credit Corp. v. Freeman (In re Freeman)*, 30 B.R. 704, 707 (Bankr. W.D.La.1983); *Merrywell v. Barwick (In re Barwick)*, 24 B.R. 703, 705 (Bankr.E.D. Va.1982). *Air Traffic Conference v. Paley (In re Paley)*, 8 B.R. 466, 3 C.B.C.2d 648 (Bankr.E.D.N.Y.1981).

■ Furthermore, the trust or fiduciary duty must have existed prior to the wrongdoing from which the debt arose. *Wilmington Trust Co. v. Martin (In re Martin)*, 35 B.R. 982, 985 (Bankr.E.D.Pa.1984); *In re Barwick, supra; In re Paley, supra.*

S.C.Code § 33–41–540(1) (1976) states:

Every partner must account to the partnership for any benefit and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct or liquidation of the partnership or from any use by him of its property.

A partner's obligation to the partnership has been held to create an express trust under the Uniform Partnership Act, thus satisfying the "fiduciary capacity" requirement of 11 U.S.C. § 523(a)(4). *Holmes v. Kraus (In re Kraus)*, 37 B.R. 126, 130 (Bankr.E.D.Mich.1984). *See, Inahara v. Harris (In re Harris)*, 458 F.Supp. 238 (D.Ore.1976), *aff'd* 578 F.2d 451 (9th Cir.1978) (Court held debt was nondischargeable under § 17(a)(2), (4) of the Bankruptcy Act (11 U.S.C. § 35(a)(2), (4)).

For the reasons stated above, this Court is of the opinion that the defendant was acting in a "fiduciary capacity" when his debt to the plaintiffs arose.

### B.

The case law interpreting the term "defalcation" has given it a broad definition. "Generally, defalcation is a failure to account for money or property that has been entrusted to one." *American Metals Corp. v. Cowley (In re Cowley)*, 35 B.R., 526, 529 (Bankr.D.Kan.1983). *Treacher v. Duttenhofer (In re Duttenhofer)*, 12 B.R. 926, 7 B.C.D. 1187 (Bankr.C.D.Cal.1981); *See, Kansas State Bank and Trust Co. v. Vickers (In re Vickers)*, 577 F.2d 683 (10th Cir.1978). A mere deficit resulting from the debtor's misconduct, even if the debtor's conduct does not benefit him, may be "defalcation." *In re Cowley*, 35 B.R. at 529; *Aetna Insurance Co. v. Byrd (In re Byrd)*, 15 B.R. 154, 8 B.C.D. 436 (Bankr.E.D.Va.1981). "Defalcation" is the slightest misconduct, and it need not be intentional misconduct; negligence or ignorance may be "defalcation". *In re Cowley*, 35 B.R. at 529. *See, In re Duttenhofer, supra; Baugh v. Matheson (In re Matheson)*, 10 B.R. 652, 7 B.C.D. 643 (Bankr.S.D.Ala.1981).

The defendant's actions complained of by the plaintiffs clearly constitute "defalcation" as that term is defined in 11 U.S.C. § 523(a)(4).

### C.

It is clear, and there is no dispute, that the defendant's debt to the plaintiffs resulted from the actions complained of by the plaintiffs.

### D.

This Court holds that the defendant was obligated to the plaintiffs in a fiduciary capacity. The defendant committed defalcation while acting in that fiduciary capacity, and the plaintiff's debt resulted from the defendant's defalcation. The debt is, therefore, nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

### II.

Because the debt owed by the defendant to the plaintiffs is nondischargeable under 11 U.S.C. § 523(a)(4), this Court need not decide whether the debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

### ORDER

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiffs' motion for summary judgment be granted; that the defendant's motion for summary judgment be denied; and that the defendant's debts to the plaintiffs be declared nondischargeable under 11 U.S.C. § 523(a)(4).