**In the Matter of Anthony S. KOSZUTH, Debtor.**

**SUN LIFE INSURANCE CO. OF AMERICA, Plaintiff,**

v.

**Anthony S. KOSZUTH, Defendant.**

**Bankruptcy Nos. 83–2538, 84–154. Adv. No. 84–175.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 9, 1984.

ORDER ON MOTION FOR
SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding and the matter under consideration is the dischargeability, vel non, of a debt allegedly owed by Anthony S. Koszuth, a Debtor currently involved in a Chapter 7 liquidation case. The claim of non-dischargeability is addressed to a debt allegedly owed to Sun Life Insurance Co. of America (Sun Life), the Plaintiff who instituted this adversary proceeding. The claim of non-dischargeability is based on three distinct grounds and is set forth in three separate counts of the Complaint.

The claim in Count I is based on § 523(a)(4) and charges that the Debtor, as an officer of an entity known as Association Plan Administrators, Inc. (Plan Administrators) knowingly and intentionally converted to his own use monies held in trust for Sun Life; that the Debtor's liability to Life arises out of fraud or a defalcation by the Debtor while acting in a fiduciary capacity, and thus, the debt is non-dischargeable by virtue of § 523(a)(4) of the Bankruptcy Code. The claim of non-dischargeability set forth in Count II incorporates by reference the factual allegations set forth in Count I and contends that the Debtor is guilty of a willful and malicious conversion of property of another, thus, his debt owed to Sun Life is non-dischargeable by virtue of § 523(a)(6) of the Bankruptcy Code.

The claim of non-dischargeability in Count III is based on the allegation that the Defendant obtained properties from the Plaintiff by false representation and, therefore, his debt to Sun Life is non-dischargeable by virtue of § 523(a)(2) of the Bankruptcy Code.

In due course, the Debtor filed his answer which merely generally denied all material allegations set forth in all three counts of the Complaint. The Debtor also filed a Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment. The Motion for Summary

Lynn W. Hamrich, Tampa, Fla., for plaintiff.

Malka Isaak, Tampa, Fla., for Koszuth.

Judgment is accompanied by an Affidavit of the Debtor. Prior to the hearing on the Motion, the Debtor also filed an Amended Answer to the Complaint in which he now seeks an award of attorney fees against the Plaintiff based on FRCP 11, as adopted by Bankruptcy Rule 9011, contending that the Complaint was not signed in good faith by counsel and the allegations contained in the Complaint have no basis in fact.

The facts germane and relevant to the resolution of the two Motions under consideration as appear from the bare record can be summarized as follows:

At the time pertinent to the matter under consideration, the Debtor was an employee of an entity known as Fringe Facts, Inc. and a corporate officer of Plan Administrators. On May 1, 1981, Sun Life entered into a contract with Plan Administrators entitled "Administrative Agreement" (Agreement). The Agreement provided, inter alia, that Plan Administrators will serve as an independent contractor servicing all insurance policies written by Sun Life relating to life, health and accidental death and dismemberment insurance under a certain group policy referred to as "Association Master Trustee," Policy Number LH–100. The Agreement, in addition to spelling out in detail the obligations of Plan Administrators, also provided in Article XI that all funds collected by the Administrator on behalf of Sun Life shall immediately be remitted to persons entitled thereto or shall be deposited in a fiduciary bank account to be established and maintained by the Administrator; that all monies held by the Administrator are held in a fiduciary capacity. The paragraph also spells out, in detail, the items which the Administrator may pay from the fiduciary bank account. Although it is not clear from the record, it is evident that the Administrator did, in fact, operate under this Agreement; collected unspecified amounts of monies on behalf of Sun Life and in violation of the Agreement, did not remit the funds collected, but did use the funds to cover its own operating expenses. It is without dispute that the Debtor never had any contractual relationship with Sun Life and, according to the

Affidavit which is uncontradicted, never had any personal dealings with Sun Life; never received any salary from Plan Administrators, and only received compensation from Fringe Facts, Inc. While the Agreement was signed by the Debtor as President of Plan Administrator, the Agreement is not personally guaranteed by him nor does the Agreement contain any provision which would impose any personal liability on the Debtor.

Based on the foregoing, it is the contention of the Debtor that he is entitled to either a judgment on the pleadings or, in the alternative, to the resolution of issues in his favor as a matter of law by way of a summary judgment. In support of his Motions, the Debtor points out that there is nothing in this record to indicate that he ever personally acted in a fiduciary capacity, vis a vis, Sun Life; that he himself did, as an individual, breach any fiduciary duty; that he himself converted any of the funds of Sun Life; or that he ever made any representation to Sun Life which were false and based on such representation, did obtain any monies from Sun Life.

In opposition of these contentions, Sun Life points out that the Debtor was a corporate officer of Plan Administrators; that the Administrator violated Paragraph 11 of the Agreement and, therefore, whether or not the Debtor personally misused the trust funds and whether or not he personally benefited from the converted funds is immaterial, because under the applicable law, he is individually liable to the person whose funds are converted; that he himself was charged with the duty of a fiduciary which he breached, therefore, his liability to Sun Life shall be excepted from the overall protective provisions of the bankruptcy discharge.

In support of this proposition, the Plaintiff cites a line of cases, all of which deal either with a situation where corporate officers sold properties out of trust on a floor plan arrangement, or where an insurance agency, operating as a corporation, failed to remit premiums collected from policy

holders to the insurance company as it was required to do so under its agency contract. The principal case relied on by Sun Life is *In re Whitlock, Ealy Campbell Mobile Homes, Inc., v. Whitlock (In re Whitlock)* 449 F.Supp. 1383 (W.D.Mo.1978) decided under the former Bankruptcy § 17(a)(4) of the Bankruptcy Act of 1898. In *Whitlock,* the Court considered two claims of non-dischargeability. The first claim was based on the alleged misconduct of the Debtor while acting as an officer of a corporation which was involved in the financing of mobile home sales. The corporation would acquire chattel paper from mobile home dealers which evidenced the sale of a mobile home. The corporation would then resell the paper to banks and remit the proceeds to the dealer. In turn, the corporation received from the Bank interest paid on the chattel paper. The mobile home dealer in *Whitlock* never received the proceeds from the sale of the paper because the Debtor had pledged the paper as security for a loan which he used to pay other corporate creditors.

In *Whitlock,* a critical factor in the Court's analysis of § 17(a)(4) was the existence or non-existence of a debt owed by the debtor. *Whitlock, supra* at 1389. In reaching its decision, the Court concluded that the debt owed to the mobile home dealer was a corporate debt only, absent a showing that the debtor, himself, obtained some illegitimate benefit as the result of his position as corporate officer. *Whitlock, supra* at 1388.

In addition the Court determined that § 17(a)(4) was inapplicable because the debtor did not act in a fiduciary capacity vis-a-vis the mobile home dealers. In reaching this conclusion the Court in *Whitlock* held that the concept of a fiduciary capacity is limited to technical or express trusts and not to trusts "ex maleficio" which may be imposed because of the wrongdoing. *Whitlock, supra* at 1386.

The second claim of non-dischargeability addressed by the Court in *Whitlock* involved the Debtor as a corporate officer of an insurance agency which failed to remit premiums collected by the agency to the insurance company as required by the contractual agreement between the agency and insurance company. The Court found that the agreement which specifically provided that all premiums collected by the agency were held in trust, was sufficient to create a fiduciary relationship between the debtor as a corporate officer and the insurance company. *Whitlock,* supra at 1390. As a result, the liability for the debt which is imposed upon an insurance agent under State Law, was declared non-dischargeable pursuant to § 17(a)(4).

In a situation such as the case at bar, the initial question which should be addressed is whether there exists a corporate debt which may be asserted against the corporate officer personally. This Court is in agreement with the Court in *Whitlock,* that it is critical that such a debt exists. *Whitlock, supra* at 1389. Further without any personal liability the debt remains a corporate debt which may not be asserted in the officer's individual bankruptcy or in turn the question of non-dischargeability is academic.

While the Court, in *Whitlock,* failed to find any personal liability because the corporate officer did not personally profit from the diversion of the proceeds, this Court finds that an officer of a corporation who knowingly causes the misappropriation of trust property by the corporation is personally liable regardless of whether the debtor personally profited. *Pan American World Airways, Inc. v. Folliard, (In re Folliard),* 10 B.R. 875 (D.Md.1981); *Lawrence Freight Lines, Inc. v. Transport Clearings Midwest, Inc., (In re Transport Clearings—Midwest, Inc.)* 16 B.R. 890 (Bankr.W.D.Mo.1979). A creditor can recover from the corporate officer who misappropriated the funds rather than paying the creditor. *Kosik v. Hays (In re Hays),* 31 B.R. 285 (Bankr.E.D.Tenn.1983).

In the context of § 523(a)(4) the creditor must not only establish that the wrongful act gave rise to personal liability but also that the Debtor performed the wrongful act while acting in a fiduciary

capacity. *Intercontinental Life Ins. Co. v. Good, (In re Good)* 33 B.R. 163 (Bankr.M. D.Fla.1983).

 The fiduciary duty imposed upon the debtor must be owed to the claimant and must exist prior to and independent of the alleged misconduct. *Murphy & Robinson Investment Co. v. Cross (In re Cross)*, 666 F.2d 873 (5th Cir.1982). Usually there is no fiduciary relation between a creditor and the corporate officer. *Hays, supra* at 291.

Several cases have held that a fiduciary relation may exist between the corporate officers and the creditors in the presence of a contractual agreement establishing a trust relationship with the corporation. *Whitlock, supra* at 1390. *In re Niven,* 32 B.R. 354 (Bankr.W.D.Okla.1983). A corporation acts only through its officers or employees. When a corporation as an entity is placed in a fiduciary capacity it is the corporate officer who is charged with performing the fiduciary duties and living up to the terms of the agency. If the fiduciary relationship is not imposed upon the corporate officer charged with maintaining the fiduciary relationship, then § 523(a)(4) could be rendered meaningless in cases where the fiduciary relationship is established between a creditor and a corporate fiduciary only. All a debtor would have to do to avoid § 523(a)(4) is place the corporation in the position as fiduciary rather than himself. He then could breach the fiduciary relationship with impunity.

In this instance, there is no question that a fiduciary relationship was created by the Administrative Agreement between Plan Administrators and Sun Life. It is alleged in the complaint that Plan Administrators failed to remit the funds to Sun Life as required by the Agreement, but rather diverted the funds to cover the operating expenses of the corporation. Therefore, the misappropriation of the funds may have created a personal liability of the Debtor and may have been defalcation while acting in a fiduciary capacity if it is shown that the Debtor knowingly caused the misappropriation of the trust funds.

In this case, the record is devoid of evidence to establish that this Debtor was the corporate officer of Plan Administrators responsible for or instrumental in policy decisions which resulted in the misuse of the funds.

Based on the foregoing, it is clear that the Debtor is not entitled to the entry of a judgment and the Court is satisfied that the instant controversy is not amenable to resolution as a matter of law, therefore, the Motion for Summary Judgment filed by the Debtor shall be denied and the cause shall be set down for a pretrial conference. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment filed by Anthony S. Koszuth, the Debtor, be and the same is hereby denied and a pretrial conference is hereby scheduled before the undersigned on November 30, 1984 at 9:30 A.M.