**In re Arnold M. GELMAN, Debtor.**

**Robin BRAWER, Plaintiff,**

v.

**Arnold M. GELMAN, Defendant.**

**Bankruptcy No. 84–01260–BKC–SMW.**
**Adv. No. 84–0637–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

March 19, 1985.

Raymond B. Ray, Fort Lauderdale, Fla., for plaintiff.

Ronald G. Neiwirth, P.A., Miami, Fla., for debtor/defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court on January 10, 1985 on a Complaint to prevent the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2), (3) and (5), and to prevent discharge of the debtor's debts to Robin Brawer, pursuant to 11 U.S.C. § 523(a)(4) and (6), and the Court examined the evidence presented, heard the testimony, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

At trial on January 10, 1985, the plaintiff voluntarily dismissed Counts I, II and III pertaining to 11 U.S.C. § 727(a)(2), (3) and (5), and the Court proceeded as to the remaining issues.

The defendant, chapter 7 debtor, is an attorney formerly licensed to practice law in the State of New York. The plaintiff is a former client of the debtor, in his capacity as attorney, and a resulting creditor.

In the summer of 1978, the plaintiff attended a summer camp at Camp Stanley, New York. While attending Camp Stanley, the plaintiff fell and severely injured her foot and ankle. The plaintiff retained the defendant as her attorney to bring a legal action against the camp for negligence and fraud, as a result of these injuries, and the defendant voluntarily undertook that representation. During the time period of 1978–1983, the plaintiff and her father had two (2) conferences and several telephone conversations with the defendant relative to this case.

Subsequent to the plaintiff retaining the defendant, a Bar Grievance Proceeding was brought against the defendant and, effective on or about May 28, 1981, he voluntarily resigned from the practice of law for a period of not less than seven (7) years. The defendant failed to advise the plaintiff that he could not practice law in New York after May 28, 1981, and further failed to forward plaintiff's files to another attorney in order to adequately protect the plaintiff's interest. The defendant simply abandoned the plaintiff's legal file in a closet or storage area in his old legal office in New York.

The plaintiff's father-in-law picked up the plaintiff's legal file in New York during the summer of 1983 and delivered it to the plaintiff.

The plaintiff then retained another attorney to represent her against the defendant for legal malpractice alleging that the defendant-debtor failed to properly represent her and that the defendant's negligence caused the Statute of Limitations for the negligence claim against the camp to lapse, thereby terminating the plaintiff's right to bring suit against the camp on the negligence grounds. This suit for malpractice was properly filed in the Circuit Court of Broward County, Florida and the defendant was properly served but failed to respond.

Accordingly, a Default Judgment as to liability was entered. The plaintiff then tried the issue of damages before the Circuit Court on April 4, 1984. Once again, although the defendant had proper notice of the trial date, he failed to appear or defend.

The Broward County Circuit Court Judge entered Judgment against the defendant wherein he found that: (1) defendant was grossly negligent; (2) defendant made fraudulent misrepresentations to the plaintiff; and (3) defendant's conduct was totally reprehensible and outrageous. The Circuit Court awarded the following damages: (1) compensatory damages against the defendant based upon the negligence claim against Camp Stanley in the amount of $65,000; (2) punitive damages against defendant as to Fraud Count against Camp Stanley in the amount of $25,000; (3) punitive damages against the defendant in the amount of $100,000; and (4) costs in the amount of $1,564.15. Defendant did not appeal this State Court Judgment.

After carefully reviewing the entire State Court file which was introduced into evidence, this Court adopts and incorporates the State Court's Judgment of April 10, 1984 in its Findings and Conclusions herein.

 It is well established that when the non-dischargeability of a debt in bankruptcy is at issue, the plaintiff has the burden of proving each element by clear and convincing evidence. *Morales v. Tanner, (In re Tanner)*, 31 B.R. 338, 339 (Bankr.S.D.Fla.1983), *Second National Bank of Tampa v. Fox, (Matter of Fox)*, 17 B.R. 300 (Bankr.M.D.Fla.1982) and *Bank of Miami v. Lowinger, (In re Lowinger)*, 19 B.R. 853 (Bankr.S.D.Fla.1982). Exceptions to dischargeability are to be narrowly and strictly construed in favor of the debtor. *Tanner*, 31 B.R. at 338 and citations therein.

 In order for 11 U.S.C. § 523(a)(4) to be applied, the creditor must not only establish that the wrongful act gave rise to personal liability but also that the debtor performed the wrongful act while acting in

a fiduciary capacity. *Sun Life Insurance Co. of America v. Koszuth, (Matter of Koszuth)*, 43 B.R. 104, 107 (Bankr.M.D.Fla. 1984). This Court concludes that the defendant-debtor undertook the legal representation of plaintiff and, as her attorney, the defendant-debtor became a fiduciary of the plaintiff's causes of action against Camp Stanley, with all the inherent duties and responsibilities. The defendant-debtor's fiduciary duty, as is required, was owed to the plaintiff and vested "prior to and independent of the alleged misconduct". *Koszuth*, 43 B.R. at 108. Further, the State Court found that the debtor not only breached his duties and responsibilities to the plaintiff by allowing the Statute of Limitations to run on the negligence cause of action, but the debtor was also liable for fraudulent misrepresentations to the plaintiff.

■ In determining the dischargeability of a judgment debt, it is also well established that the Bankruptcy Court may look beyond the record and judgment rendered in another Court. *Cohen v. Sparrow, (In re Sparrow)*, 30 B.R. 278, 279 (Bankr.S.D. Fla.1983); *Tanner*, 31 B.R. at 338 and *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). Based on the evidence and testimony, the Court finds that the judgment in the Broward County Circuit Court was based on the debtor's legal malpractice while acting as the plaintiff's fiduciary. Accordingly, the judgment debt in the amount of $65,000, as compensatory damages, and costs of $1,564.15 is a debt for defalcation while acting in a fiduciary relationship and accordingly, is not dischargeable in bankruptcy proceedings as provided by 11 U.S.C. § 523(a)(4).

■ After a careful review of the record of the Broward County Circuit Court proceeding, the Court finds that the Statute of Limitations on the fraud cause of action against Camp Stanley had not run at the time the plaintiff received her legal file. Accordingly, the amount of damages awarded by the Broward County Circuit on the Count for fraudulent misrepresentation (in the amount of $25,000) is determined to be a dischargeable debt within the Bankruptcy proceeding herein.

■ Based on the foregoing analysis, the Court finds that the amount of punitive damages appears inconsistent with the amount of the non-dischargeable debt herein. Therefore, this Court finds that $25,000 represents that portion of the punitive damages allowable to the award of compensation, based on the acts and conduct of the debtor, found non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

Having determined that $65,000 award for compensatory damages, $1,564.15 for costs and $25,000 for punitive damages are not dischargeable under 11 U.S.C. § 523(a)(4), the Court determines that it does not need to consider issues raised under Count V regarding 11 U.S.C. § 523(a)(6).

Pursuant to B.R. 9021, a separate Final Judgment shall be entered in favor of plaintiff against the debtor-defendant in the amount of $91,564.15.