In re Malcolm A. FELDMAN, Debtor.

FEDERAL INSURANCE COMPANY
and Great Northern Insurance
Company, Plaintiffs,

v.

Malcolm A. FELDMAN, Defendant.

Bankruptcy No. 87–03670–BKC–SMW.
Adv. No. 88–0044–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

April 8, 1988.

Robert D. McIntosh, Ft. Lauderdale, Fla., for creditors/plaintiffs, Federal and Great Northern.

Charles E. Pettit, Ft. Lauderdale, Fla., for defendant, Malcolm A. Feldman.

Arthur Razor, Ft. Lauderdale, Fla., for debtor, Feldman.

Arthur Neiwirth, Ft. Lauderdale, for trustee, James B. McCracken.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon the complaint of the creditors, Federal Insurance Company (Federal) and Great Northern Insurance Company (Great Northern) against the debtor, Malcolm A. Feldman, to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(4), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witness, considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

In 1983, FEDERAL entered into an agency agreement with M.A. Feldman & Company, Inc. Subsequently in 1984, FEDERAL and GREAT NORTHERN entered into an another agency agreement with M.A. Feldman & Company, Inc., which operated as a renewal of the 1983 agreement. The debtor collected premiums from his clients which were then deposited in his agencies' premium account. He was to remit the premiums to the appropriate insurance company on a monthly basis.

Instead of following the proper procedure the debtor took money from his premium account which he had collected for Federal and Great Northern insurance policies and paid advance premiums to other insurance companies.

The debtor was acting in a fiduciary capacity in collecting funds from his clients which were owed to Federal and Great Northern and he held the funds which he

**164**

collected in trust for the insurance company until properly remitted.

Under 11 U.S.C. § 523(a)(4), a debt is expected from discharge if the debt was "for fraud or defalcation while acting in a fiduciary capacity, investment, or larceny."

Florida Statute 626.561 (1987) states in pertinent part:

(1) all premiums, return premiums or other funds belong to insurers or others received by an agent, solicitor, or adjustor in transactions under his license shall be trust funds so received by the licensee in a fiduciary capacity, and the licensee shall account for and pay the same to the insurer, insured or other person entitled thereto.

In defining "fiduciary capacity" as it applies to § 523(a)(4), several courts have held that a state statute can create the necessary fiduciary status. *Matter of Cross*, 666 F.2d 873 (5th Cir.1982); *In re McCormick*, 70 B.R. 49 (Bankr.West.Dist. Pa.1987); *In re Matter of Good*, 33 B.R. 163 (Bankr.M.D.Fla.1983).

The court finds that the debtor's failure to remit to Federal and Great Northern insurance premiums which he had collected and which were owed to Federal and Great Northern constitutes a defalcation under 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.

The debtor argues as an issue that he should not be personally liable unless the creditor can pierce the corporate veil of the agency. This argument is without merit. See *In re McCormick*, 70 B.R. 49 (Bankr. West.Dist.Pa.1987); *In re Matter of Kozsuth*, 43 B.R. 104 (Bankr.M.D.Fla.1984); *In re Gelman*, 47 B.R. 735 (Bankr.S.D.Fla. 1985).

Therefore, Plaintiffs are entitled to a finding that the debt owed Federal and Great Northern by the Defendant is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).