**In re Frank B. KRIZANIC and Colleen Krizanic, Debtors.**

**Technical Aid Corporation, Plaintiff,**

v.

**Frank B. Krizanic, Defendant.**

**Bankruptcy No. 99–48149–RRG. Adversary No. 99–4412.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

April 6, 2000.

Marc A. Goldman, Farmington Hills, MI, for plaintiff.

Kevin M. Wilhelmi, Farmington Hills, MI, for defendant.

## DECISION and ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and DISMISSING ADVERSARY PROCEEDING

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding arises in defendant's Chapter 7 bankruptcy case. Plaintiff initiated the present adversary by filing a complaint whereby it sought to have a debt owing by defendant declared nondischargeable, pursuant to 11 U.S.C. § 523(a), for defendant's alleged "breach of fiduciary duties." It appears that plaintiff bases its complaint on the clause "defalcation while acting in a fiduciary capacity" contained in § 523(a)(4). Defendant thereafter filed a motion for summary judgment which is the matter now before the court. Defendant's motion for summary judgment is accompanied by several exhibits, including the complaint and opinion from a state court case between the parties; a copy of an employment agreement entered into by the parties; and an affidavit of defendant. Plaintiff filed a memorandum in response to defendant's motion unaccompanied by any affidavits or exhibits. Also received by the court were defendant's reply brief, as well as supplemental briefs filed by both parties.

A hearing on this matter was held, at the conclusion of which the court reserved decision as to whether the elements of 11 U.S.C. § 523(a)(4) were met, and specifically whether a res of the nature required under the provision is present in this case.

Additional briefing of this issue was invited, and both parties filed the supplemental briefs to which reference is made above.

At the outset, it is necessary to make clear what is before the court. Plaintiff's present complaint seeks relief pursuant to § 523(a)(4), and relies on the phrase "defalcation while acting in a fiduciary capacity." Plaintiff's claim is based upon ¶ 6 of the Employment Agreement between the parties, which provides:

6. *ACKNOWLEDGMENT OF CONFIDENTIAL NATURE OF EMPLOYMENT AND GOODWILL INTERESTS OF TECHNICAL AID*

EMPLOYEE acknowledges (a) that TECHNICAL AID will expend considerable time, effort and expense in training EMPLOYEE in the methods used by TECHNICAL AID (b) that EMPLOYEE will be entrusted with confidential knowledge and information as to TECHNICAL AID accounts, customers and business patron, personnel resources and other date, as well as confidential knowledge and information concerning the techniques, business methods, management and financial expertise of TECHNICAL AID; and will become personally acquainted with and serve as a TECHNICAL AID representative to the business connections, customers and trade of TECHNICAL AID and (c) that EMPLOYEE will receive such confidential knowledge and be placed in such a position, that upon leaving TECHNICAL AID'S employment for any reason, his engaging directly or indirectly, either alone or in association with any other person or firm in a similar business to that of TECHNICAL AID or to that of a duly authorized licensee of TECHNICAL AID, will cause irreparable harm and financial loss to TECHNICAL AID, its good will, and its organization. EMPLOYEE, therefore, agrees that he will not while in TECHNICAL AID'S employ, directly or indirectly, either alone or in whatsoever which is competitive to TECHNICAL AID for himself or in association in any capacity with any other person or firm engaged in similar business to TECHNICAL AID'S.

While plaintiff in its present complaint alleges a state court order as a basis for relief, its reliance on that order is misplaced. The state court order bases its award to plaintiff upon a conclusion that the present defendant "violated the non-compete provisions of the Employment Agreement" he had entered into with the present plaintiff as a condition of his employment with plaintiff. The agreement between plaintiff and defendant provided that defendant would not "compete for accounts or personnel which became known to him through his employment" with plaintiff. The state court judgment specifically grants plaintiff relief for violation of the non-competition provisions of his employment contract, ¶ 7 and ¶ 8 thereof. The state court order does not accord relief to plaintiff on the basis of ¶ 6. The present proceeding therefore cannot be based on the state court order; it is based on the contract between the parties. The following discussion proceeds on that premise.

■ At the conclusion of the hearing on the motion, we announced that we were satisfied that the requirement of a fiduciary relationship was satisfied. What was left for further consideration was the question of whether the express trust requirement of a § 523(a)(4) claim was satisfied. Such a claim, based on defalcation while acting in a fiduciary capacity, requires proof of three elements: (1) a fiduciary relationship; (2) an express trust; and (3) a breach of the fiduciary relationship. *See Capitol Indem. Corp. v. Interstate Agency, Inc. (In re Interstate Agency, Inc.),* 760 F.2d 121 (6th Cir.1985).

■ Defendant asserts that the confidential information he came by in the

course of his employment is not such a trust res as the express trust element requires, and defendant contends that the absence of a proper res precludes the finding of an express trust. Plaintiff, in opposition, contends that trade secrets and proprietary information, both identifiable property rights, can be the res of an express trust. Plaintiff, therefore, argues that misuse of such rights constitutes defalcation while acting in a fiduciary capacity.

■ A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c), made applicable in bankruptcy proceedings by F.R.B.P. 7056. The moving party has the burden to show that there are no genuine issues of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Exceptions to discharge are to be strictly construed against the creditor, with the "benefit of any doubt going to the debtor." *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443, 1452 (6th Cir.1994) (citation omitted).

The following facts are not disputed. Defendant/debtor Frank B. Krizanic was a former employee of plaintiff corporation. He left plaintiff to go to work for a competitor of plaintiff. Defendant's employment with plaintiff was governed by an employment agreement which contained ¶ 6 quoted above, as well as a non-compete provision. Defendant was given information of the kind to which reference is made in ¶ 6, and for present purposes we assume that defendant used that information in connection with his new employment. We have already held that there was a fiduciary relationship between plaintiff and defendant.

The Sixth Circuit has summarized the state of the law regarding defalcation while in a fiduciary capacity:

The controversy in this case emerges from competing constructions of the statutory phrase "defalcation while acting in a fiduciary capacity." § 523(a)(4). It is well established that the defalcation provision of § 523(a)(4), like the provision of its predecessor, applies to express or technical trusts, but not to constructive trusts that courts may impose as an equitable remedy. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 79 L.Ed. 393 (1934). The *Davis* court explained that " '[t]he language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created.' " *Id.* (quoting *Upshur v. Briscoe,* 138 U.S. 365, 378, 11 S.Ct. 313, 34 L.Ed. 931 (1891)). As we noted in *In re Garver,* however, courts have developed slightly different interpretations "of the fiduciary relationship necessary to trigger the defalcation provision of § 523(a)(4)." 116 F.3d at 178.

We have employed a narrow exception for defalcation while acting in a fiduciary capacity. In a series of three cases, we developed the rule the statute requires not only a pre-existing fiduciary relationship, but also a pre-existing express or technical trust whose res encompasses the property at issue.

*Peoples Bank & Trust Co. of Hazard v. Penick (In re Penick),* No. 97–5446, 1998 WL 344039 (6th Cir.1998) (unpublished).

When the court in *Penick* says that the requisite "res encompasses the property at issue," it is fleshing out what it requires as the requisite res of an express trust. It is saying that the question in such a case is whether the plaintiff is entitled to recover the tangible thing which is in the hands of the putative trustee.

In the present case, the nature of plaintiff's claim must be confronted. The parties entered into a contract, a provision thereof providing that certain information would be imparted to defendant and he

would hold it in confidence. What plaintiff seeks here is damages for violation of that contract provision and that those damages be held nondischargeable. Recovery of a tangible thing in defendant's hand as required by the *Penick* case is entirely different in nature from the improper use of information given to defendant in confidence, the situation which we have in the case before us. On this basis alone, we are compelled to conclude that the express trust requirement of plaintiff's case has not been met, and defendant's motion for summary judgment must be granted.

▮ A further ground for our decision is that there is at best here an implied trust. A formulation which is frequently encountered in this area is that the trust must be express, not implied. It is quite clear what is meant by express trust. That refers to a transaction in which tangible property, usually money, is placed in the hands of a trustee. Further, "the requisite trust relationship must exist prior to the act creating the debt and without reference to it." *Carlisle Cashway, Inc. v. Johnson (In re Johnson)*, 691 F.2d 249, 251 (6th Cir.1982) (cited with approval in *In re Penick, supra*). *See also* 3 Norton Bankruptcy Law and Practice 2d, § 47:21, Express or Technical Trusts (1997). Just what the scope of the term "implied trust" in this context is, is not so clear. In *Johnson* the court sought to give content to the term implied trust by saying, in relation to implied trusts, that they "are imposed on transactions by operation of law as a matter of equity." *Johnson*, 691 F.2d at 251. The foregoing authority compels the conclusion that the present situation does not meet the requirement of an express trust, but there is at best here an implied trust. The debt in question here does not presently exist and would come into existence only if this court found liability in favor of plaintiff. It did not exist prior to the act claimed to have created the debt. We therefore hold that the requisite res for § 523(a)(4), defalcation while acting in a fiduciary capacity, is not here present. *See Evans v. Pollard (In re Evans)*, 161 B.R. 474 (9th Cir. BAP 1993).

In addition to the foregoing, we base our decision on the conclusion that the statutory requirement of "defalcation" has not been met. The nature of that requirement has been stated thus:

> In sum, under Interstate Agency the defalcation provision of § 523(a)(4) is limited to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor. *See Fowler Bros.*, 91 F.3d at 1371. Defalcation then occurs through the misappropriation or failure to property account for those trust funds. *Interstate Agency*, 760 F.2d at 125.

*R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 180 (6th Cir.1997).

In the case before us, there is no "specific res in the hands of the debtor," and for that reason there is no express trust. There being no express trust, there is no defalcation.

The cases presented by plaintiff in its supplemental memorandum do not compel a different conclusion as to whether confidential information can be the res required by § 523(a)(4). The cases *In re Kusmierek*, 224 B.R. 651 (Bankr.N.D.Ill.1998) and *In re Pawlinski*, 170 B.R. 380 (Bankr. N.D.Ill.1994) both involved a money res. In *In re Wade*, 43 B.R. 976 (Bankr.D.Col. 1984), the court did not grant relief on the basis of § 523(a)(4), but rather on the basis of § 523(a)(2). In *In re Peel*, 166 B.R. 735 (Bankr.W.D.Okla.1994), again the court denied relief under § 523(a)(4), though it granted relief under § 523(a)(6). *In re Gelman*, 47 B.R. 735 (Bankr.S.D.Fla.1985) does apply a different standard for the requisite res, but we decline to follow it for it is clearly inconsistent with the applicable authorities in this Circuit.

Defendant's motion, therefore, is granted and the complaint is dismissed.

So Ordered.